**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Anthony Posey,<br><br>        Plaintiff,<br><br>  v.<br><br>Boost Mobile, et al.,<br><br>        Defendants. | Case No. 2:25-cv-02064-MMD-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

Pro se incarcerated Plaintiff Anthony Posey states that he intended to file this case in the United States District Court for the District of New Jersey. Plaintiff has filed a "motion for clarification" stating that he mailed his initiating documents to the District of Nevada "for electronic filing to New Jersey" and that he intended to file his documents with the District of New Jersey. (ECF No. 10 at 2). So Plaintiff asks the Court to either send his initiating documents[1] to him or to the District of New Jersey. (*Id.*). Plaintiff has also moved for a courtesy copy of his initiating documents[2] so that he can file his case in the District of New Jersey. (ECF No. 14).

Because Plaintiff has intended to file his case in a different court, the assigned magistrate judge will grant Plaintiff's motions (ECF Nos. 10, 14) in part and send him a copy of his initiating documents and a copy of the docket sheet so that Plaintiff may file his case in the correct court. The assigned magistrate judge will further recommend that the assigned district judge deny Plaintiff's application to proceed *in forma pauperis* as moot and to dismiss Plaintiff's case without prejudice. *See* 28 U.S.C. § 636(b)(1)(A).

---

[1] Plaintiff references both a 42 U.S.C. § 1983 complaint and a 28 U.S.C. § 2254 petition. Plaintiff appears to have filed both in this case when initiating it. (ECF No. 2).

[2] Plaintiff asks the Court to send him a copy of ECF No. 1. However, Plaintiff's initiating documents appear at ECF No. 2, not ECF No. 1.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 10, 14) are **granted in part** regarding Plaintiff's request that the Court send him a copy of his initiating documents. The motions are denied in part in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of his initiating documents filed at ECF No. 2 and a copy of the docket sheet.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) be **denied without prejudice** and that Plaintiff's case be **dismissed without prejudice.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: July 10, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE